UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH WALTON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:03-cv-069-LJM-WTL |
| | ) | |
| CLAYBRIDGE HOMEOWNERS ASSOCIATION, | ) | |
| INC., and GREG BOYD, MARY LOU | ) | |
| SPELLMEYER, | ) | |
| KEVIN TOLLIVER, PATRICK CORYDON, | ) | |
| MARGIE BARTLEY, ELIZABETH VAN | ) | |
| TASSEL, DICK CARRIGER, TERI GREGG, TINA | ) | |
| FREEMAN, LESLIE GOULD, and ANNETTE | ) | |
| SULLIVAN, in their individual capacities, | ) | |
|     Defendants. | ) | |
| | ) | |

## ORDER

This cause is before the Court on Plaintiff's, Deborah Walton ("Walton"), Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Walton's motion is based on an email that she received through discovery in a case against the City of Carmel, *Walton v. City of Carmel, et al.*, Cause No. 1:05-cv-902-RLY-TAB. The email involves a short string of messages from the Mayor of Carmel, his staff, and Terry Anker ("Anker"), and it references a discussion with "Liz Van Tassel." Walton asserts, and Defendants do not dispute, that Anker was a board member of the Claybridge Homeowner's Association at the time of the email exchange and that "Liz Van Tassel" is a defendant in this case, *i.e.*, that "Liz Van Tassel" is the same individual as Elizabeth Van Tassel. Having considered Walton's motion, and as explained more fully below, the Court concludes that the motion must be **DENIED**.

The Court concludes that Walton's motion is untimely. The Court entered its final judgment in this case on March 29, 2006. Walton seeks to set aside the judgment pursuant to Rule 60(b)(1) and (2). Therefore, pursuant to the terms of Rule 60(b), Walton was required to file her motion within one year of the entry of judgment. Walton failed to do so. Specifically, she did not file her motion until March 30, 2007, which is a day late. Accordingly, Walton's motion is untimely, and the Court is without jurisdiction to consider it. *See Arrieta v. Battaglia*, 461 F.3d 861, 864-65 (7th Cir. 2006).

Even if the motion had been timely filed, however, the Court would still deny it. Walton contends that the email is new evidence that should be considered and that, in spite of due diligence, she was unable to previously discovery the email. The Court is unpersuaded by Walton's arguments. First, the Court is unable to conclude that Walton actually exercised due diligence in this case. As Defendants note, Walton did not send any discovery requests to them or send a non-party request to the City of Carmel. In short, she made no effort to discover the email prior to the Court's entry of judgment.

Second, even if Walton had been diligent, she has failed to demonstrate that the email is material and that it probably would have produced a different result in this case. *See In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 78 F.3d 285, 293-94 (7th Cir. 1996) (noting prerequisites to prevail on Rule 60(b)(2) motion). Setting aside the potential issue raised by Defendants of whether the email would be admissible, consideration of the email does not sway the Court that summary judgment was improper in this case. The email fails to support Walton's claims that Defendants violated 42 U.S.C. § 3617 because it does not demonstrate the level of discriminatory intent necessary for such a claim. Indeed, the email is vague as to the involvement of Van Tassel and it does not contain any indication that Defendants made reference to Walton's race. Instead, the only reference to race in the email is the Mayor's statement that the City would need to proceed carefully in dealing with Walton because she was known to "play[] a race card." Moreover, the bulk of the email reflects the Mayor's impressions rather than those of any of the Defendants. In short, the email fails to support Walton's claims against the Defendants under 42 U.S.C. § 3617.

The only item remaining for the Court's consideration is the issue of costs. Defendants have requested that the Court award them attorney's fees for having to respond to Walton's motion. The Court declines to award Defendants these costs, and so that request is **DENIED**. However, the Court, on its own motion, notes that there is a pending question about the Bill of Costs in the amount of $830.12 that was approved on October 20, 2006. The Court granted Walton's motion to review the Bill of Costs and gave her until November 27, 2006, in which to respond to or object to it. Walton's only objection was that she did not receive a copy of the itemized costs; however, the Court notes that Defendants filed notice of service of the itemized statement on Walton and that the itemized statement was available on the Court's electronic docket for review. *See* Bill of Costs filed April 11, 2006 (Docket No. 119). Walton has not filed any additional remarks as to the Bill of Costs. Therefore, the Court concludes that Walton has failed to show that modification of the Bill of Costs is warranted and, to the extent that she has not already done so, **ORDERS** Walton to pay the Defendants the costs as originally approved in the amount of $830.12.

IT IS SO ORDERED this 10th day of August, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Michael Gregory Moore
mmoore8824@aol.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com